UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITY UNIVERSITY,                          )
                                              )
          Plaintiff,                          )
                                              )
     v.                                       )          Case No.  1:16-cv-1469
                                              )
THOMAS PEREZ                                  )
Secretary of Labor,                           )
                                              )
and                                           )
                                              )
ERIC D. LUETKENHAUS                           )
Division Chief/Grant Officer                  )
                                              )
and                                           )
                                              )
STEVEN A. RIETZKE                             )
Grant Officer                                 )
                                              )
and                                           )
                                              )
US DEPARTMENT OF LABOR                        )
Employment and Training Administration        )
                                              )
          Defendants.                         )

## COMPLAINT

(Declaratory and Injunctive Relief; Mandamus)

This is an action brought by Security University ("SU") against Thomas Perez, the

Secretary of the United States Department of Labor, in his official capacity, Eric D.

Luetkenhaus, Division Chief and Grant Officer, in his official capacity, Steven A. Rietzke, Grant

Officer, in his official capacity, and the United States Department of Labor Employment and

Training Administration ("ETA"), seeking declaratory and injunctive relief arising from the

Final Determination of final agency action dated September 1, 2015, and Notice of Termination

dated February 8, 2016, terminating Grant No: TC-24971-13-60-A-51 (the "Grant") in violation

of the Administrative Procedures Act, 5 U.S.C. §§ 701 -706 (the "APA").

The Parties

1.      Plaintiff Security University is a Virginia limited liability company that provides

Cybersecurity Education, Information Assistance Training and Certifications for IT and Security

Professionals throughout the world.  SU is 100% woman owned.  It is an Institution of

Postsecondary Education in the Commonwealth of Virginia, Certified to Operate by State

Council of Higher Education ("SCHEV"), and became regionally accredited for non-degree

granting postsecondary programs as of December 1, 2015 by the Commission on Secondary

Schools of the Middle States Association of Colleges and Schools (MSA-CESS), an accrediting

agency recognized by the United States Department of Education.  SU's students earn

cybersecurity certifications and credentials in stacked and latticed "accelerated" instructor led

hands-on cybersecurity skills programs designed to develop work-ready adult candidates.   These

credentials provide improved re-employment opportunities that enable TAACCCT eligible

individuals and veterans newly separated from the military to successfully transition into high

tech high wage civilian careers.  Students routinely include employees of Federal agencies,

including the National Security Agency, the Department of Defense, the Central Intelligence

Agency, and the Federal Bureau of Investigation, as well as contractors to those agencies, and

members of the armed forces of the United States (USAF, US Army and reserves, US Navy and

reserves, USMC, US Coast Guard).  Since 1999, SU has routinely provided services to

dislocated adult workers and women pursuing cybersecurity certifications through the Workforce

Investment Act ("WIA"), 29 U.S.C. §2801 et. seq., and the Workforce Innovation and

Opportunity Act ("WIOA") to fill the demand for cybersecurity talent, leading to high wage civilian careers.

2.      Defendant Thomas Perez is the Secretary of Labor, United States Department of Labor, and is the principal official responsible for the administration of programs run by the United States Department of Labor, and grants made by the Department, including the Grant, and is indirectly responsible for unlawful conduct giving rise to this Complaint.

3.      Defendant Eric Luetkenhaus is Division Chief/Grant Officer at the Department of Labor who was responsible for the unlawful conduct of the Department of Labor, Employment and Training Administration, that are the subject of this action.

4.      Defendant Richard Rietzke is a Grant Officer, Division of Federal Assistance for Discretionary Grant Programs who was responsible for the actions of the Department of Labor, Employment and Training Administration that are the subject of this action.

5.      Defendant United States Department of Labor, Employment and Training Administration ("ETA"), is the agency of the United States responsible for administration of various programs, including the Trade Adjustment Assistance Community College and Career Training ("TAACCCT") grant program under which the Grant was made, and is directly responsible for the unlawful conduct giving rise to this Complaint.

<u>Jurisdiction and Venue</u>

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

7.      Venue is proper in this Court pursuant to 18 U.S.C. 1391(e)(1).

## The Factual Background

8.     In or about the early part of 2013, ETA issued a Notice of Availability of Funds and Solicitation for Grant Applications for Trade Adjustment Assistance Community College and Career Training Grants Program  Funding Opportunity Number SGA/DFA PY-12-10 (the "Solicitation").

9.     According to the Department of Labor: "TAACCCT provides community colleges and other eligible institutions of higher education with funds to expand and improve their ability to deliver education and career training programs that can be completed in two years or less, are suited for workers who are eligible for training under the TAA for Workers program, and prepare program participants for employment in high-wage, high-skill occupations. Through these multi-year grants, the Department of Labor is helping to ensure that our nation's institutions of higher education are helping adults succeed in acquiring the skills, degrees, and credentials needed for high-wage, high-skill employment while also meeting the needs of employers for skilled workers. The Department is implementing the TAACCCT program in partnership with the Department of Education." https://doleta.gov/taacccct/

10.     TAACCCT grants are not in the nature of tuition assistance for individual students. Rather, they provide funding to build capacity and support the operations of the grant recipients such as SU, including instructors' salaries, rent and other administrative expenses, as well as to build partnerships with businesses to train workers for good-paying jobs in high-growth and high-demand industries.

11.     TAACCCT grants are routinely awarded to non-degree granting institutions, such as SU, which provide training that, among other things, prepares students to obtain third party certifications from other organizations that are required for TAA adult workforce students to

qualify for IT security positions in government and private industry.  SU timely and properly submitted an application for a grant pursuant to the Solicitation, and on September 26, 2013, ETA awarded the Grant to SU in the amount of $2,750,000.00.00.  In reliance on the provisions of the Grant, and in order to fulfill its responsibilities under the Grant, SU promptly entered into contracts for three full time highly qualified cybersecurity instructors, one full time project manager, grant printer services, a grant evaluator, a grant accountant and other grant contracts for terms extending until the expiration of the Grant in 2017.  Since October, 2013, and including the period from January 2015 through November 30, 2015 while SU lacked accreditation, 100% of the 847 SU TAACCCT participants passed their certification classes at SU, and earned 2,480 cybersecurity certifications that led to 97% re-employment outcomes in high wage in demand jobs within 120 days after attaining the required cybersecurity credentials.  (**Exhibit A**).

12.     SU timely and properly performed under the Grant.  Nevertheless on February 1, 2015, ETA issued an "Initial Determination" stating that certain issues had arisen, and "[i]f these issues are not resolved immediately, ETA may seek to terminate your grant on the grounds that Security University has materially failed to comply with the terms and conditions of the award." The two (2) issues identified by ETA were: (1) Denial of re-accreditation, and (2) Revocation of Security University's Certification to Operate a Post-Secondary Institution in the Commonwealth of Virginia.  As discussed in greater detail below, these issues were properly and timely addressed by SU.

13.     On September 1, 2015, Defendant ETA, through Defendant Rietzke, issued a "Final Determination" (**Exhibit B**) finding: (1) that the Revocation of Security University's Certification to Operate a Post-Secondary Institution in the Commonwealth of Virginia had been

corrected,[1] and (2) that the denial of re-accreditation had not been corrected, and stating that "if accreditation is not certified by an appropriate authorized agency by January 1, 2016, ETA will terminate the Grant." ETA also stated in the Final Determination that the finding in the Initial Determination that SU had not "corrected" the unaccredited finding and proceeded to suspend the Grant effective September 16, 2015, ostensibly under the provisions of 29 CFR §95.62(a)(3). Promptly following the issuance of the Final Determination letter in September, 2015, Nicole Duchman, a Federal Project Officer for the Department of Labor specializing in TAACCCT Grants in the Philadelphia office advised SU after that issuance of the Final Determination, and on a previous occasion, that the Grant would not be terminated.

14.     Although SU had in fact lost its accreditation on January 5, 2015, some fifteen (15) months after the Grant was awarded new "regional" accreditation was obtained through the Commission on Secondary Schools of the Middle States Association of Colleges and Schools (MSA-CESS) effective December 1, 2015. **(Exhibits C and D)**. This was within the required time period for re-accreditation established for SU by ETA in the September 1, Final Determination letter.

15.     By letter dated December 15, 2015 **(Exhibit E)**, MSA-CESS Director of Accreditation Daniel Rufo notified ETA that SU was on track for an early 2016 school visit. ETA was notified that "[s]hould the school receive a recommendation for Accreditation from the visiting team the accreditation term will be retroactive to December 1, 2015. In fact, that is what occurred.   **(Exhibit F)**.

---

[1] SU's Certification to Operate a Post-Secondary Institution in the Commonwealth of Virginia was never revoked. A Virginia agency raised questions regarding certain matters of concern that were resolved through administrative procedures in Virginia. Indeed, in the Final Determination, ETA specifically acknowledged that concerns relating to SU's Certification to Operate a Post-Secondary Institution in the Commonwealth of Virginia had been corrected, and were no longer a matter of concern to ETA.

16.     Despite accreditation of SU as of December 1, 2015, within the time specified in the Final Determination, on February 8, 2016, ETA issued a Notice of Termination of the Grant. (**Exhibit G**).   In the Notice of Termination, ETA stated that the retroactive accreditation effective as of December 1, 2015 "...is not relevant to our determination, as Security University remained unaccredited as of January 1, 2016 and unable to serve TAACCCT participants."   In fact, however, SU had and has continued to provide quality educational services to TAACCCT participants throughout the period of the Grant, even beyond the purported suspension and termination.   This fact was explicitly noted by MSA-CESS, in a letter from Henry G. Cram, Ed.D., the President of MSA-CESS dated February 19, 2016 (**Exhibit C**):

> **In determining the correction of the Loss of Accreditation Finding, members of the MSA Visiting Team were most impressed with the quantity of classes offered and the quality of the instruction which Security University continues to offer for those benefitting from the TAACCCT grant <u>even though the grant was suspended.</u>** Additionally, the attention being paid to not only academic qualifications, but also personal need was not only observed, but validated through interviews conducted with a diverse group of stakeholders. Displaced workers, Veterans to active governmental employees gave testimony to the fact that without the opportunities provided by Security University's grant activities, their ability to retrain and gain requisite knowledge, certifications and skills to gain, retain, and compete for employment in the cyber security industry would be seriously delayed. Security University is to be commended for their dedication to providing just-in-time training to meet the needs of all learners as well as the service being provided to preserve our national security. [emphasis supplied]

17.     Quarterly reports to ETA by SU for the periods ending December 31, 2015 and March 31, 2016 attest to the services which continue to be provided by SU to TAACCCT participants.  (**Exhibit H**)

18.     SU sought reconsideration, hearing or appeal of the February 8, 2016 Notice of Termination.   This was denied in by a letter sent by Defendant Luetkenhaus dated March 14, 2016. (**Exhibit I**).   ETA stated in the March 14, 2016 letter that "there is no statutory or

regulatory authority for a hearing, appeal or other administrative proceeding.  As such, no administrative appeal is authorized here." It is clear that SU has exhausted all administrative remedies.

19.     From the time of the Final Determination in September, 2015 through the present, Security University has continued to provide quality educational services to its enrollees, including TAACCCT participants.

20.     ETA has failed and refused to pay SU for services it provided subsequent to the Final Determination, but prior to the purported termination of the Grant.

21.     Unpaid expenses allowable and reimbursable to SU prior to Grant suspension on September 16, 2015 totaling Twenty Eight Thousand Eight Hundred Eighty Dollars and Eighty-Three Cents ($28,880.83) have not been paid, or even reviewed, by Grant Officers. (**Exhibit J**).

22.     From September 16, 2015 through June 30, 2016, unpaid expenses due SU under the Grant, based on and including allowable administrative costs of 10% of the grant amount and contractual obligations undertaken in reliance on the Grant, total Five Hundred Fifty-One Thousand Seven Hundred Sixty-Five Dollars and Seventy-One Cents ($551,765.71)(**Exhibit K**).

23.     From September 16, 2015 through September 30, 2017, unpaid expenses that will be due SU under the Grant, based on and including allowable administrative costs of 10% of the grant amount and contractual obligations undertaken in reliance on the Grant, will total One Million Two Hundred Forty-Four Thousand One Hundred Twenty-Eight Dollars and Fifty-Three Cents ($1,244,128.53)(**Exhibit L**).

24.     The unlawful action of ETA in purportedly suspending, and later terminating the Grant, caused and threatens to cause immediate and irreparable injury to SU and to persons eligible to receive the benefits of educational courses provided by SU.

25.     The unlawful action of ETA in purportedly suspending and later terminating the Grant, caused and threatens to cause irreparable injury to SU by unjustifiably injuring its reputation and rendering it impossible, from a practical perspective, for SU to be awarded grants by agencies of the Federal Government, and State and Local Governments.  Indeed, on June 27, 2016, a related entity, Security University Foundation, was denied a grant under the H-1B TechHire Partnership Grants, FOA-ETA-16-01 by the very same Grant Officer, Eric Luetkenhaus, who improperly terminated the Grant.

## COUNT I
### (The Purported Suspension Was Unlawful)

26.     The allegations of paragraphs 1-24 are repeated and realleged as fully as if restated.

27.     The purported suspension of the Grant by ETA was arbitrary and capricious, and is thus unlawful and should be set aside under 5 U.S.C. §706(2)(A).

## COUNT II
### (The Purported Termination was Unlawful)

28.     The allegations of paragraphs 1-26 are repeated and realleged as fully as if restated.

29.     The purported termination of the Grant by ETA, including the establishment of the arbitrary January 1,2016 deadline to obtain accreditation, was arbitrary and capricious, and is thus unlawful and should be set aside under 5 U.S.C. §706(2)(A).

WHEREFORE, SU respectfully requests:

1.     That this Court enter an order, pursuant to 5 U.S.C. §705, postponing the effective date of the suspension of the Grant, and the purported termination of the Grant, pending the conclusion of this litigation; and

2.      That this Court issue a writ of mandamus, pursuant to 5 U.S.C. §705, directing the Defendants to process the draw down requests submitted by SU for all periods from the inception of the Grant through the conclusion of this litigation, and disburse to SU those funds allocated under the Grant for the services provided as contemplated by the Grant; and

3.      That this Court hold unlawful and set aside the suspension of the Grant and the purported termination of the Grant, and order that the Grant be reinstated in accordance with its terms; and

4.      That this Court grant such other and further relief as the case may require, and is just and proper.

Respectfully submitted,

GOLDMAN & VAN BEEK, P.C.

By:/s/ Neil D. Goldman
    Neil D. Goldman (DC Bar #943860)
    John P. Van Beek (DC Bar #319103)
    510 King Street, Suite 416
    Alexandria, Virginia 22314
    voice:      (703) 684-3260
    fax:        (703) 548-4742
    ngoldman@goldmanvanbeek.com
    jvanbeek@goldmanvanbeek.com

Attorneys for Plaintiff Security University