UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITY UNIVERSITY,<br>Plaintiff,<br><br>v.<br><br>THOMAS PEREZ<br>Secretary of Labor, et al<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:16-cv-1469 |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff Security University moves the Court for leave to supplement the administrative record to include the following documents[1]:

- Official Notification of Accreditation (Ex. 1)
- December 2015 TAACCCT Report (Ex. 2)
- Certificate of Accreditation (Ex. 3)
- December 4, 2015 email at 11:41AM from SU to DOL (Ex. 4)
- Affidavit of Daniel Rufo of MSA-CESS (Ex. 5)

In support of its Motion, Security states as follows:

**MEMORANDUM IN SUPPORT**

The Administrative Record in this case is incomplete in that it fails to provide the Court with all of the evidence required to decide the issues at hand, including evidence that was before the Defendants at the time they made the decisions that Security contests.

[1] Pursuant to LCvR 7, Plaintiff conferred with Defendants before filing this Motion. Defendants oppose the relief sought.

"The district court must have before it the 'whole record' on which the agency acted." *B. MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Defendants have already acknowledged that the current administrative record may not be complete. Defs' Notice of Filing of Certified List of Contents of Administrative Record, at 1 n.1 ("Defendants reserve the right to incorporate additional relevant documents, as appropriate, as attachments to Defendant's [*sic*] opposition to Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment."). Defendants cannot reserve for themselves the right to supplement the record and then attempt to deny Security University the same right. "An agency may not unilaterally determine what constitutes the Administrative Record[.]" *B. MK Ranches v. Yuetter*, 994 F.2d 735, 739–40 (10th Cir. 1993).

Additionally, Defendants' wholesale disregard for some of the documents cited to by Security University solely based on the document date is inconsistent with their own actions. Defendants have included documents in the administrative record that are dated after the date of the grant termination. *See* Defs' Certified Index of Administrative Record (Document 30, dated February 19, 2016, and Document 31, dated March 14, 2016). These later documents in the administrative record even reference some of the documents that Security University attached to its Motion for Summary Judgment. *See, e.g.*, Document 31, referencing the accreditation. Thus, Defendants' assertion that "ETA simply excluded documents that did not did not exist at the time of its decision" is false. *See* Defs' Cross-Motion and Opposition, at 23.

As it pertains to each specific document, Security states as follows:

- <u>Official Notification of Accreditation</u>: The version of the Official Notice of Accreditation provided in the Administrative Record at AR00641 is one of two versions of this notice that was before the Defendants. Security University was provided with two versions of

the Notice – one for general purposes and one specifically as it relates to the TAACCCT program. Defendants had the document cited here before them at the same time they had the version included in the Administrative Record. Therefore, both must be included in the Administrative Record. See Affidavit of Daniel Ruffo, ¶ 10.

- December 2015 TAACCCT Report: This document showing the level of SU's participation in the program as of December 2015 was required to be submitted electronically by SU to DOL as a condition of TAACCCT Program participation and it was. Defendants accepted the document as filed and had it in their possession prior to the date of termination. Defendants did not notify SU that the report was deficient in any way or that it was not required to be submitted.
- Certificate of Accreditation: This document was provided to Defendants along with the Official Notification of Accreditation (a version of which is included in the Administrative Record). This document is also referenced in the record at AR00643-44. Therefore, the record establishes that Defendants had the document before them at the time they made the suspension and termination decisions at issue before the Court, including the denial of Security's request for reconsideration (based on this very Certificate).
- December 4, 2015 email at 11:41AM from SU to DOL: The text of this email shows that the Grant Officer – Defendant Steve Rietzke – not only received the email, but responded to it as well. The document contains a request that Defendants wait additional time before acting on the grant termination on February 8, 2017, and that it be considered in connection with Security's request for reconsideration on March 14, 2016.

- Affidavit of Daniel Rufo of MSA-CESS: This document is included solely for the purpose of clarification of background evidence that was either already in the Administrative Record or included in this Motion. Because this document is only clarifying information that was already "before the agency at the time of its decision," City of Reading, Pa. v. Austin, 816 F. Supp. 351, 361 (E.D. Pa. 1993), it may be considered by the Court.

A primary concern addressed by courts reviewing challenges to administrative decisions is whether the administrative record contains all of the information that the agency had in its possession in making its decision. In this case, those decisions include not only the termination of the grant but also the denial of the request for reconsideration. "The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." *B. MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *Lloyd v. Illinois Regl. Transp. Auth*., 548 F. Supp. 575, 590 (N.D. Ill. 1982). Additionally, the Court is permitted to "go outside of the record to consider background evidence clarifying the information before the agency at the time of its decision." *City of Reading, Pa. v. Austin*, 816 F. Supp. 351, 361 (E.D. Pa. 1993). This would include the information contained in the Affidavit of Daniel Ruffo.

Without these documents, the Administrative Record in this case is incomplete and fails to provide the Court with all of the relevant evidence that the Court should have before it when deciding the issues at hand. Defendants have attempted unilaterally to determine which documents to include, and this is not permitted. *BMK Ranches v. Yuetter*, 994 F.2d 735, 739–40 (10th Cir. 1993) ("An agency may not unilaterally determine what constitutes the Administrative Record[.]"). Instead, "[t]he district court must have before it the 'whole record' on which the agency acted." *B. MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Security has

included additional documents, attached to this Motion, that are relevant, were before the agency at the time the agency made the decisions at issue, and that should have been considered by the Grant Officer in administering the grant.

Therefore, Security University respectfully requests that this Court grant its Motion for Leave to Supplement the Administrative Record and order that the offered documents be admitted into the record [2]

Respectfully submitted,

/s/

Laurence Schor, DC Bar # 22500
lschor@asm-law.com
Allison Geewax, DC Bar # 1014861
ageewax@asm-law.com
Asmar, Schor & McKenna, PLLC
5335 Wisconsin Ave. NW, Suite 400
Washington, DC 20015
Telephone: 202-244-4264
Facsimile: 202-686-3567
*Attorneys for Plaintiff*

[2] Because of the impending deadline of the Joint Appendix, Security will include all documents cited in its Response and Reply to the Parties' Motions for Summary Judgment in the Joint Appendix. Security understands that they are not yet part of the Administrative Record.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to counsel of record for Defendants.

/s/
Allison Geewax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITY UNIVERSITY,<br>Plaintiff,<br><br>v.<br><br>THOMAS PEREZ<br>Secretary of Labor, et al<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:16-cv-1469 |

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Supplement the Administrative Record, it is this __________ day of _______________________, 2017:

ORDERED that Plaintiff's Motion be and hereby is GRANTED.

ORDERED that the Administrative Record be supplemented to include the documents attached to Plaintiff's Motion.

______________________________
JUDGE, United States District Court
for the District of Columbia